

1

2

3

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FILED

JAN 18 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

4  In re: GERALD WILLIAM FILICE,  )
                      Debtor.     )   Case Nos. 10-47748
5  _____)             15-29534
                                  )
6  GERALD WILLIAM FILICE,         )
                      Plaintiff,  )   Adv. Pro. No. 17-02036
7  v.                             )
                                  )
8  UNITED STATES,                 )
                      Defendant.  )
9  _____)

10                      OPINION

11     Before: Christopher M. Klein, Bankruptcy Judge

12

13  Gerald William Filice, Sacramento, California, pro se.

14  Boris Kukso, United States Department of Justice, Washington
    D.C., for Defendant United States.[1]

15

16  CHRISTOPHER M. KLEIN, Bankruptcy Judge:

17      This decision holds that the power under Federal Rule of

18  Civil Procedure 60(a) to vacate discharges as clerical errors

19  "whenever one is found" – here, six years later — is not

20  constrained by the time limits specified in 11 U.S.C. § 727(e).

21      The debtor received two chapter 7 discharges within two

22  years.  This court entered the second discharge in mistaken

23  disregard of the § 727(a)(8) ban on two chapter 7 discharges in

24  cases filed within eight years.  The error went undetected for

25  six years until the debtor tried in a third case to enforce the

26  second discharge while fighting a tax debt.  The U.S. trustee

27  _____

28      [1]The caption as been adjusted to reflect that Filice seeks
    relief only against the United States.

1  incorrectly assumed that time limits for objecting to discharges
2  under Federal Rule of Bankruptcy Procedure 4004(a) and for
3  revoking discharges under 11 U.S.C. § 727(e) precluded undoing
4  the discharge.  Not so.

5      Rule 4004 is invalid as a violation of the Bankruptcy Rules
6  Enabling Act, 28 U.S.C. § 2075, to the extent it requires entry
7  of a discharge contravening § 727(a)(8) if no objection is timely
8  filed.  The court has an independent duty to enforce § 727(a)(8).

9      The second chapter 7 case will be reopened and the mistaken
10  discharge order vacated under Rule 60(a).  The power to vacate in
11  this manner is confirmed by 11 U.S.C. § 105(a) as an order
12  appropriate to carry out § 727(a)(8).

13

14                          <u>Facts</u>

15      This is the fifth title 11 case that Gerald Filice, a self-
16  represented and now-disbarred lawyer,[2] filed within seven years.[3]

17      The second, third, and fifth cases matter to the dispute now
18  before the court.  The first chapter 7 discharge was entered in
19  No. 09-28543, filed April 30, 2009.  In case No. 10-47748, filed
20  October 19, 2010, a second chapter 7 discharge was entered.  In

21  _____

22      [2]Filice was disbarred by the California Supreme Court
23  February 10, 2017.  Order, No. 13-O-13520.

    [3]The five cases are: (1) No. 08-20087, filed Jan. 2, 2008,
24  under chapter 11 and dismissed Dec. 3, 2008; (2) No. 09-28543
25  filed April 30, 2009, under chapter 13 and converted to chapter
  7, with discharge entered Dec. 3, 2009 and final decree entered
26  Dec. 9, 2009; (3) No. 10-47748 filed Oct. 19, 2010, under chapter
  11 and converted to chapter 7 Feb. 4, 2011, with another chapter
27  7 discharge entered May 24, 2011, and closed Dec. 14, 2011; (4)
  No. 15-25417 filed July 7, 2015, under chapter 13 and dismissed
28  Dec. 2, 2015; and (5) No. 15-29534, filed Dec. 10, 2015, under
  chapter 11 and converted to chapter 7 Nov. 21, 2016.

the present fifth case, No. 15-29534, filed December 10, 2015,
discharge is not being entered by virtue of § 727(a)(8).

Nobody questioned Filice's eligibility for second chapter 7
discharge in No. 10-47748. Nor did the U.S. trustee act when the
issue was raised earlier in this case, incorrectly assuming that
§ 727(e) precluded correcting the mistake.

The United States Internal Revenue Service filed in this
fifth case Proof of Claim 5-2 for $422,607.16 for tax years 1998
through 2006 and 2009 through 2015. The claim subdivides into:
(1) secured claim for $48,180.23 assessed June 23, 2008, for tax
year 2006 secured, per 26 U.S.C. § 6321, by all property of the
debtor; (2) priority claim for $33,957.80 for tax years 2001
through 2015; and (3) general unsecured claim for $340,469.13 for
tax years 1998 through 2005 and 2009 through 2010.

One asset of the present chapter 7 estate is a personal
injury cause of action claimed as exempt under state law "up to
any applicable statutory limit" that the trustee and Filice
jointly agreed to settle for $49,000.00, with $10,000.00
allocated to the estate and $39,000.00 to Filice as exempt.

When the IRS objected to release of exempt funds to Filice
based on its asserted secured status in those funds under 26
U.S.C. § 6321 for a the tax assessed June 23, 2008, Filice filed
this adversary proceeding to challenge the IRS' secured status.

Filice reasons that the discharge in the second case, filed
October 19, 2010, destroyed secured status for a tax assessed
June 23, 2008, based on his dubious construction of 11 U.S.C.
§ 523(a)(1)(A), the 240-day provision in § 507(a)(8)(A), and the
§ 507(a)(8) hanging paragraph as enacted in 2005. His premise is

1  that the tax was assessed more than 330 days (240 days, plus 90
2  days) before filing the second case.[4]

3      The United States having suggested that the second discharge
4  was invalid in light of § 728(a)(8), the court sua sponte raised
5  during trial the question of whether the second discharge should
6  be vacated as a clerical mistake per Rule 60(a).  Afforded an
7  opportunity to defend the validity of the second discharge,
8  Filice said only that he had not "requested" the first discharge
9  and conceded that the IRS is secured by his exempt proceeds if
10 the first discharge entered in No. 09-28543 — takes precedence.
11 ·    Findings of fact and conclusions of law were rendered orally
12 on the record at the conclusion of trial.

13

14                          Procedure

15      This adversary proceeding names as defendants the United
16 States on behalf of the IRS, the chapter 7 trustee, and the other
17 parties settling the tort action.  But the debtor seeks relief,
18 and the trial proceeded, only as between the debtor and the IRS.

19

20                          Jurisdiction

21      Federal subject-matter jurisdiction is founded on 28 U.S.C.
22 § 1334.  This is a core proceeding that a bankruptcy judge may
23 hear and determine.  28 U.S.C. § 157(b)(I) & (K).

24  _____

25      [4]If the second discharge is valid, then Filice loses on the
26 merits.  The tolling principle of Young v. United States, 535
   U.S. 43, 49 (2002), protects the secured status of a tax assessed
27 June 23, 2009, during a title 11 case that ended December 9,
   2009, in a case filed October 19, 2010.  To any extent that Young
28 might have been incompletely codified in 2005, Young nevertheless
   remains viable to its full original extent.

                              4

1                              <u>Analysis</u>

2          The chapter 7 discharge that the debtor received in his 2009

3  case made him categorically ineligible, by virtue of 11 U.S.C.

4  § 727(a)(8), for the chapter 7 discharge that was entered in his

5  2010 case.  The prohibition is absolute.  The mistake is beyond

6  cavil.  The problem is how to correct it.

7          This court first addressed mistaken discharges issued to

8  categorically ineligible debtors in 1993.  <u>Wetherbee v. Willow</u>

9  <u>Lane, Inc. (In re Bestway Prods., Inc.)</u>, 151 B.R. 530, 534

10  (Bankr. E.D. Cal. 1993), <u>aff'd</u>, 165 B.R. 339 (9th Cir. BAP 1994)

11  (chapter 7).  The Ninth Circuit soon agreed.  <u>Cisneros v. United</u>

12  <u>States (In re Cisneros)</u>, 994 F.2d 1462, 1465-67 (9th Cir. 1993)

13  (chapter 13).  That analysis retains vitality.

14

15                                I

16          The chapter 7 discharge is a routine order clerical or

17  ministerial in nature subject to Rule 60(a) correction.  <u>In re</u>

18  <u>Johnson</u>, 564 B.R. 653, 656-57 (E.D. Cal. 2017); Fed. R. Civ. P.

19  60(a), <u>incorporated by</u> Fed. R. Bankr. P. 9024.[5]

20

21                                A

22          Under § 727(a), the court "shall" enter a discharge in a

23  chapter 7 case unless one of twelve disqualifying conditions

24  specified in § 727(a) applies.  11 U.S.C. §§ 727(a)(1)-(12).

25  _____

26          [5]Although bankruptcy decisions often refer to Rule 9024 when

27  speaking of Rules 60(a) and (b), that practice creates the
misimpression that the rich body of Rule 60 decisional law in

28  nonbankruptcy cases might not apply.  It does apply.  Rule 9024
merely incorporates Rule 60, with several exceptions.

1    The verb "shall" connotes a presumption favoring discharge

2 and, except for categorical ineligibility, necessitates objection

3 and proof by preponderance of evidence of the disqualification in

4 an objection-to-discharge proceeding, with the objector bearing

5 the risk of nonpersuasion.  Fed. R. Bankr. P. 4005.

6

7                                    1

8    Three of the disqualifying conditions are categorical

9 conditions of ineligibility.[6]  They are purely formal and based

10 on objective facts.[7]

11    The facts dispositive of categorical ineligibility for

12 chapter 7 discharge under §§ 727(a)(1), (a)(8) and (a)(10) are

13 subject to judicial notice.  They are facts that are not subject

14

15 ─────────────────

      [6]The three categorical disqualifications are:

16

17    (a) The court shall grant the debtor a discharge, unless —
        (1) the debtor is not an individual;

18          . . .
      (8) the debtor has been granted a discharge under this
19    section, under section 1141 of this title, or under section
      14, 371, or 476 of the Bankruptcy Act, in a case commenced
20    within 8 years before the date of the filing of the
      petition;
21          . . .
      (10) the court approves a written waiver of discharge
22    executed by the debtor after the order for relief under this
      chapter;
23
24 11 U.S.C. §§ 727(a)(1), (8) & (10).

      [7]A close cousin is the § 727(a)(9) exception barring chapter
25 7 discharge within six years after a chapter 12 or 13 discharge.
   It would be included in the list of categorical disqualifications
26 not requiring actual litigation but for the potential for fact-
   based disputes about whether "the plan was proposed by the debtor
27 in good faith, and was the debtor's best effort."  11 U.S.C.
   § 729(a)(9)(B)(ii).  The analysis in this opinion regarding
28 § 727(a)(8) applies to § 727(a)(9).

                                    6

to reasonable dispute and can be accurately and readily
determined from sources whose accuracy cannot reasonably be
questioned.  Fed. R. Evid. 201(b)(2).

Court records establish whether a debtor is an individual,
or has received a chapter 7 discharge in a case filed within
eight years before the date of filing the petition, or has a
court-approved written waiver of discharge executed after the
order for relief.  11 U.S.C. §§ 727(a)(1), (a)(8) & (a)(10).[8]

As the task entails a binary yes-no analysis of court
records, the adversarial process serves merely to call to the
court's attention a disqualifying condition.  While the court is
grateful for the assistance, it has an independent duty to assure
itself that discharge orders do not offend §§ 727(a)(1), (a)(8)
and (a)(10).  In re Hiatt, 312 B.R. 150, 151 (Bankr. S.D. Ohio
2004); Cf., United Student Aid Funds v. Espinosa, 559 U.S. 260,
278 (2010) (Independent duty re chapter 13 confirmation).

The adversarial process does not assist in determinations
regarding the categorically forbidden discharges because the
relevant facts are matters of record susceptible of judicial

---

[8]Chapter 13 has a categorical time-based ineligibility for
discharge at § 1328(f) that parallels § 727(a)(8):

> (f) Notwithstanding subsections (a) and (b), the court
> shall not grant a discharge of all debts provided for in the
> plan or disallowed under section 502, if the debtor has
> received a discharge —
> (1) in a case filed under chapter 7, 11, or 12 of this
> title during the 4-years period preceding the date of the
> order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during
> the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f).

notice.  Whether there has been a prior discharge, whether the
debtor is an individual, and whether the debtor has filed a
waiver of discharge, which waiver the court has approved, are all
matters of public record.  The language of the statute indicates
that inaction by creditors or trustees does not qualify debtors
for discharges that cannot, as a matter of law, be entered.

It is contrary to the Bankruptcy Code to grant a chapter 7
discharge to a categorically ineligible debtor – i.e., debtor not
an individual, discharge within eight years, and written waiver
of discharge.  Those discharges are not supposed to be entered
regardless of whether there is an actual objection to discharge.

2

In contrast, the grounds for denial of chapter 7 discharge
under §§ 727(a)(2) through (a)(7) are all on account of
blameworthy conduct, proof of which are quintessential subjects
for the adversarial process.  They turn on proof of contingent
facts focused on the debtor's motives or conduct, that are not
susceptible of judicial notice and as to which defenses are
available.  11 U.S.C. §§ 727(a)(2)-(a)(7).[9]

a

Denial of discharge under §§ 727(a)(2) through (a)(7)
requires adversary proceedings objecting to discharge for which

---

[9]Those disqualifying conditions are subjective or contingent
in some respect.  For example, proof of a transfer with intent to
hinder, delay, or defraud, unjustified concealment of recorded
information, or making a knowing and fraudulent false oath can
all prevent discharge.  11 U.S.C. §§ 727(a)(2), (a)(3) & (a)(4).

8

creditors, the chapter 7 trustee, and the United States trustee, but not other parties in interest, have statutory standing. Fed. R. Bankr. P. 4004(a); 11 U.S.C. § 727(c).[10]

Those objections to discharge are subject to the nonjurisdictional limitations period prescribed by the inflexible claim processing rules of Rules 4004(a) and (b). Fed. R. Bankr. P. 4004(a)-(b); Kontrick v. Ryan, 540 U.S. 443, 455-56 (2004).

Consistent with the presumption in favor of discharge, the objector bears the burden of proof by preponderance of evidence and correlative risk of nonpersuasion. Fed. R. Bankr. P. 4005; Grogan v. Garner, 498 U.S. 279, 289 (1991) (preponderance).

The facts pertinent of those objections to discharge are not readily ascertainable from inspection of the record and, instead, require the court to determine facts and make conclusions of law in the conventional trial process.

b

The Bankruptcy Code, however, does not specify which of the twelve exceptions to discharge at §§ 727(a)(1) through (a)(12) actually require formal objection and judicial determination that discharge be denied, as opposed to mere non-entry of discharge.

---

[10]Section 727(c) provides:

> (c)(1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.
> (2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

11 U.S.C. § 727(c).

9

The syntax of § 727(a), in notable contrast to allowance of claims, does not require that there be an "objection."  A filed proof of claim "is deemed allowed, unless a party in interest ... objects."  11 U.S.C. § 502(a).  But, with no mention of objection, the "court shall grant the debtor a discharge, unless" one of twelve conditions applies.  11 U.S.C. § 727(a).

Congress certainly contemplated that there would be objections to discharge, a procedure deeply rooted in prior bankruptcy law in cases of blameworthy conduct, when it granted standing to object to discharge under § 727(a) to creditors, the chapter 7 trustee, and the United States trustee, but not other parties in interest.  11 U.S.C. § 727(c)(1).  An implicit corollary is that such objections may be forfeited by inaction.

But, which exceptions to discharge require objections?  Several exceptions merely lead to non-entry of discharge, rather than an order denying discharge.  For example, no discharge is entered when the debtor is not an individual, and no objection to discharge proceeding is needed.  11 U.S.C. § 727(a)(1); Fed. R. Bankr. P. 4004(c)(1)(A).  Nor, need there be an objection when the debtor has not completed an instructional course concerning personal financial management.  11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 4004(c)(1)(H).  What is the discriminator?

Congress suggested the answer by prescribing a secondary consequence for denials of discharge under §§ 727(a)(2) through (a)(7), all of which involve some form of blameworthy conduct that must be proved by preponderance of evidence.  In a subsequent chapter 7 case filed more than eight years later, no debt is discharged that was or could have been listed in a prior

case in which the debtor "was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7)." 11 U.S.C. § 523(a)(10).[11]

It follows that the Bankruptcy Code contemplates that objections to discharge be prosecuted for the six categories of grounds in § 727(a) that implicate blameworthy conduct and that Congress expected that inaction on such theories may lead to forfeiture of objections and to entry of discharge.

In short, in the context of denial of discharge, § 727(a) implies a two-level process. First, is the debtor generally eligible for "entry" of discharge? Second, is there reason to "deny" a discharge on account of §§ 727(a)(2) through (a)(7) to a debtor who is otherwise eligible for "entry" of discharge?

3

The puzzle is why Rule 4004(a) bundles § 727(a)(8) with the objections to discharge that are subject to strict time limits. It does not square with the statute. Perhaps it was ambiguous before 2010 because Rule 4004(a) was theretofore silent about whether an objection was required and the issue rarely arose.

---

[11]Section 523(a)(10) provides:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt —
> ...
> (10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (5), (6), or (7) of such Act;

11 U.S.C. § 523(a)(1).

Of the cases that have considered the effect of Rule 4004(a) on § 727(a)(8), the better and only view expressed by appellate courts, is that the bankruptcy court may sua sponte act to block or vacate a discharge that offends § 727(a)(8) independent of whether there is a timely filed adversary proceeding. <u>In re Asay</u>, 364 B.R. 423, 425-27 (Bankr. D.N.M. 2007); <u>In re Hiatt</u>, 312 B.R. at 152; <u>In re Burrell</u>, 148 B.R. 820, (Bankr. E.D. Va. 1992), <u>cited with approval</u>, <u>Kestell v. Kestell (In re Kestell)</u>, 99 F.3d 146, 149 (4th Cir. 1996); <u>In re Ali</u>, 219 B.R. 653, 654 (Bankr. E.D.N.Y. 1998); <u>cf</u>. <u>Espinosa</u>, 559 U.S. at 278 (sua sponte power to apply statute); <u>Cisneros</u>, 994 F.2d. at 1465-67 (same).

The few bankruptcy court cases to the contrary fail to note the distinction between vacating and revoking a discharge, ignore the inconsistency between the Code and Rule 4004(a), and do not address Rule 60(a). <u>Canganelli v. Lake County, Ind. Dep't of Pub. Welfare (In re Canganelli)</u>, 132 B.R. 369, 383-85 (Bankr. N.D. Ind. 1991); <u>Johnson v. Chester Housing Auth. (In re Johnson)</u>, 250 B.R. 521, 526-27 (Bankr. E.D. Pa. 2000)

The effect of adding the express reference in Rule 4004(a) to § 727(a)(8) in 2010 was to create the misimpression that the court must enter a discharge in violation of § 727(a)(8) if there is not a timely objection even though the court knows that § 727(a)(8) forbids discharge. That is a substantive matter banned by the Bankruptcy Rules Enabling Act. 28 U.S.C. § 2075.

B

The process of actual entry of a chapter 7 discharge is a ministerial duty of the court.

1

The "court <u>shall grant</u> the debtor a discharge," unless any of twelve disqualifying conditions exist.  11 U.S.C. § 727(a).

The "court <u>shall forthwith grant</u> the discharge" upon expiration of the times for objecting to discharge and for moving to dismiss a case as a substantial abuse of chapter 7, unless any of twelve conditions pertains.  Fed. R. Bankr. P. 4004(c).

The mandatory language of both § 727(a) and Rule 4004(c) is the language of a ministerial duty.  If the statutory and procedural conditions are satisfied, then the court has no discretion to decline to enter discharge.

2

Often, as in this judicial district, the ministerial task of screening the record through the Rule 4003(c) matrix and entry of the chapter 7 discharge is delegated to the clerk of court.  E.D. Cal. Bankr. General Order 17-01.

In performing the ministerial duty of entering chapter 7 discharges, the court has an independent duty to assure itself that the procedural facts conform to the strictures of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  <u>Hiatt</u>, 312 B.R. at 151.

The task is not difficult.  <u>Hiatt</u>. 312 B.R. at 151 ("The court writes to address a recurring problem that should not occur in an era when technology has made information concerning a bankruptcy filing available, literally twenty-four/seven.").

Here, it was plain from the court's own records that a chapter 7 discharge had been granted the debtor in case No. 09-

28543, filed April 30, 2009. That created a discharge dead zone ending April 30, 2017. Any chapter 7 discharge for this debtor in a case filed before May 1, 2017, would contravene the Bankruptcy Code and be a clear mistake.

Since no interpretation was required, the mistake was either a blunder in execution or a mistake of oversight and omission. Either way, it was a clerical mistake within the meaning of Rule 60(a). Fed. R. Civ. P. 60(a).

The court never intended to issue, or to permit the clerk of court to issue on delegated authority, a chapter 7 discharge in violation of § 727(a)(8).

### III

The question becomes how this mistake occurred and then was not addressed when called to the attention of the U.S. trustee.

The autopsy reveals that the 2010 amendments to Rule 4004 invited error by creating the appearance of an absolute deadline for questioning eligibility for discharge under § 727(a)(8).

How that came to pass necessitates an excursion through the history of the oft-amended Rule 4004.[12]

### A

Subsections (a), (b), (c), and (d) of Rule 4004 pertain to the present analysis, but not in that order.

---

[12] Rule 4004 has been amended ten times: 1991; 1996; 1999; 2000; 2002; 2008; 2009; 2010; 2011; and 2013.

14

1

Before 2010, Rule 4004(a) called for a complaint objecting to § 727 discharge but did not specify which § 727 theories required objection, and it was plain that some theories (for example, § 727(a)(1)) did not require objection.

Similarly, Rule 4004(d) provided that an objection to discharge is governed by the Part VII adversary proceeding rules and was complemented by Rule 7001(4) designating an objection to discharge as an adversary proceeding. Fed. R. Bankr. P. 7001(4) & 4004(d) (before 2010 amendment).

Although it was ambiguous whether objection was essential to raise a § 727(a)(8) issue, a practice had arisen in which the U.S. trustee was filing § 727(a)(8) adversary proceedings. It soon became evident that it was much process for little purpose when the result is dictated by controlling binary yes-no question that can be determined by judicial notice of the court's own records and in which the only possible defense is mistaken identity. As a practical matter, these § 727(a)(8) actions served little purpose beyond calling attention to the existence of a discharge disqualification.

Following suggestions that Rule 9014 motions should suffice in § 727(a)(8) situations, Rules 4004(a) and (d) and 7001(4) were amended in 2010 to permit discharge objections based on §§ 727(a)(8), (a)(9), and 1328(f) to be made on contested matter motions. Fed. R. Bankr. P. 7001(4) & 4004(d) (as amended, 2010).

The rationale for the change was that the issues involved did not warrant the formalities of an adversary proceeding. Fed.

R. Bankr. P. 7001, advisory comm. note to 2010 amendment.[13]

The 2010 amendments exposed a latent ambiguity about whether an adversary proceeding was required to block categorically forbidden discharges. The insertion of specific reference to § 727(a)(8) or (a)(9) into Rule 4004(a), "Time for Objecting to Discharge; Notice of Time Fixed,"[14] and, by extension, into Rule 4004(b), "Extension of Time."[15] This subjected § 727(a)(8) and

---

[13]The advisory committee explained:

Paragraph (4) is amended to create an exception for objections to discharge under §§ 727(a)(8), (9), and 1328(f) of the Code. Because objections to discharge on these grounds typically present issues more easily resolved than other objections to discharge, the more formal procedures applicable to adversary proceedings, such as commencement by a complaint, are not required. Instead, objections on these three grounds are governed by Rule 4004(d). In an appropriate case, however, Rule 9014(c) allows the court to order that additional provisions of Part VII of the rules apply to these matters.

Fed. R. Bankr. P. 7001, advisory comm. note to 2010 amendment.

[14]Rule 4004(a) provides:

(a) Time for Objecting to Discharge; Notice of Time Fixed. In a Chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). [Chapters 11 and 13 provisions omitted.] At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Fed. R. Bankr. P. 4004(a) (as amended, 2010).

[15]Rule 4004(b) provides:

(b) Extension of Time.
(1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

its cognates to an inflexible claim-processing rule.  Rules 4004(a) and (b), coupled with the Rule 9006(b) ban on enlargement,[16] combine into a rigid, albeit nonjurisdictional and forfeitable, deadline for objecting to discharge.  Fed. R. Bankr. P. 4004(a)-(b) & 9006(b)(3); <u>Kontrick</u>, 540 U.S. at 455-56.

The ensuing negative inferences from the 2010 amendments are central to the problem that now manifests itself.  Subjecting a § 727(a)(8) categorically-prohibited discharge to the rigidity of the claims-processing deadline in Rules 4004(a) and (b) led to the inference that if nobody timely objects, then it is too late to block a second discharge within the § 727(a)(8) banned period.

The other categorical prohibitions on entry of discharge — not an individual and discharge waived — are self-executing. Rule 4004(c) prevents entry of such discharges without the necessity of an adversary proceeding.  Why the difference?

The advisory committee note to the original adoption of Rule

_____

(2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection.  The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Fed. R. Bankr. P. 4004(b) (as amended, 2010).

[16]Rule 9006(b)(3) provides:

(3) Enlargement Governed By Other Rules.  The court may enlarge the time for taking action under Rules ... 4004(a) ... only to the extent and under the conditions stated in those rules. ...

Fed. R. Bankr. P. 9006(b)(3).

4004(c) is opaque.[17]

The proposition that § 727(a)(8) is subject to the Rule 4004(a) deadline is in conflict with the Bankruptcy Code.

2

The procedure for actual grant of discharge is governed by Rule 4004(c), "Grant of Discharge."  Fed. R. Bankr. P. 4004(c).

The misfire was compounded by the insertion of the same phrase ("or a motion under § 728(a)(8) or (a)(9) of the Code") into Rule 4004(c)(1)(B) ("Grant of Discharge"[18]), relating to the

---

[17]The advisory committee note provides:

This rule is adapted from former Bankruptcy Rule 404.
. . .
Subdivision (c). ... The inclusion of the clause in subdivision (c) qualifying the duty of the court to grant a discharge when a waiver has been filed is in accord with the construction of the Code.  4 Collier, Bankruptcy § 727.12 (15th ed. 1979).

Rule 4004(c), advisory committee note.

[18]Rule 4004(c)(1) provides:

(c) Grant of Discharge.
    (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant a discharge if:
        (A) the debtor is not an individual;
        (B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor;
        (C) the debtor has filed a waiver under § 727(a)(10);
        (D) a motion to dismiss the case under § 707 is pending;
        (E) a motion to extend the time for filing a complaint objecting to the discharge is pending;
        (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;
        (G) the debtor has not paid in full the filing fee...;

18

the conditions precedent to granting discharge.  Fed. R. Bankr.
P. 4004(c)(1)(B).

As currently constituted, Rule 4004(c), "Grant of
Discharge," provides that upon expiration of the times for
objecting to discharge and for moving to dismiss a case as a
"substantial abuse" of chapter 7, the court "shall forthwith
grant the discharge" unless any of twelve conditions pertains.
Fed. R. Bankr. P. 4004(c).

Rule 4004(c) includes as separate items only two of the
three categorical bars to chapter 7 discharge.  Discharge will
not be entered if the debtor is not an individual.  Fed. R.
Bankr. P. 4004(c)(1)(A).  Nor will discharge be entered if the
debtor waived discharge under § 727(a)(1).  Fed. R. Bankr. P.
4004(c)(1)(C).

The third categorical bar to chapter 7 discharge — no
discharge within eight years per § 727(a)(8) — is treated
differently in Rule 4004(c) than the other categorical
ineligibilities.  It is treated as an objection to discharge.

---

        (H) the debtor has not filed with the court a statement
            of completion of a course concerning personal
            financial management if required by
            Rule1007(b)(7);
        (I) a motion to delay or postpone discharge under
            § 727(a)(12) is pending;
        (J) a motion to enlarge the time to file a
            reaffirmation agreement under Rule 4008(a) is
            pending;
        (K) a presumption is in effect under § 524(m) that a
            reaffirmation agreement is an undue hardship and
            the court has not concluded a hearing ...; or
        (L) a motion is pending to delay discharge, because the
            debtor has not filed with the court all tax
            documents required to be filed under § 521(f).

Fed. R. Bankr. P. 4004(c)(1) (as amended, 2010).

Fed. R. Bankr. P. 4004(c)(1)(B).

Read literally, Rule 4004(c) requires the court to enter a chapter 7 discharge in favor of a debtor who is categorically ineligible for discharge.  Rule 4004(c)(1)(B) conflicts with the Bankruptcy Code.

### 3

The way to understand the relationship of Rules 4004(a) and (c) to § 727(a) is to recognize the distinction between "not entering" a discharge and "denying" a discharge.

### a

One "denies" a discharge as a judgment rendered by the court following trial for the reasons provided by §§ 727(a)(2)-(a)(7), all of which involve blameworthy conduct and render all debts permanently nondischargeable in future chapter 7 cases by virtue of § 523(a)(10).[19]

Rule 4004(a) establishes an inflexible claim-processing rule for commencing the requisite adversary proceeding seeking a judgment denying discharge.  <u>Kontrick</u>, 540 U.S. at 455-56.

### b

"Not entering" a discharge is the administrative function for which Rule 4004(c) prescribes the procedure.  It encompasses temporary and permanent statutory ineligibilities under §§ 727(a)(1) and (a)(8) through (a)(12).  <u>See, e.g.</u>, Fed. R.

---

[19]Waiver of discharge under § 727(a)(10) has the same future nondischargeable consequence.

Bankr. P. 4004(c)(1)(A) ("not an individual"). It includes mere procedural prerequisites, such as the resolution of various pending motions and full payment of filing fees. See, e.g., Fed. R. Bankr. P. 4004(c)(1)(G). And, it implements judgments "denying" discharge under §§ 727(a)(2)-(a)(7) by proscribing entry of discharge. Fed. R. Bankr. P. 4004(c)(1)(B).

One does not "deny" a chapter 7 discharge on account of an ineligibility such as, for example, the debtor not being an individual. Rather, as a matter of case administration, one does not "enter" a discharge for a debtor who is not an individual. 11 U.S.C. § 727(a)(1); Fed. R. Bankr. P. 4004(c)(1)(A).

The post-bankruptcy legal consequence of not entering a discharge for any reason other than the grounds specified in § 523(a)(10) for permanent nondischargeability is that the debtor remains liable for debts but might be eligible for discharge in a future chapter 7 case.

c

The distinction between "denying" and "not entering" a discharge dovetails with the distinction between "revoking" a discharge and "vacating" a discharge. Cisneros, 994 F.2d at 1465-66 (recognizing distinction); accord, Midkiff v. Stewart (In re Midkiff), 342 F.3d 1194, 1197-1201 (10th Cir. 2003) (same).

A discharge may be "revoked" on account of the specific forms of blameworthy conduct specified by § 727(d),[20] but only if

---

[20]Section 727(d) provides:

   (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court

21

prosecuted with the strict claim-processing rule imposed by

§ 727(e).[21]  11 U.S.C. §§ 727(d)-(e).

A discharge may be "vacated" if entered by mistake "whenever one is found." Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.  Thus, Rule 60(a) relief remains available and is not subject to an arbitrary claim-processing rule.

---

shall revoke a discharge granted under subsection (a) of this section if —
     (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
     (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
     (3) the debtor committed an act specified in subsection
          (a)(6) of this section; or
     (4) the debtor has failed to explain satisfactorily —
          (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
          (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

11 U.S.C. § 727(d).

[21]Section 727(e) provides:

     (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
     (1) under subsection (d)(1) of this section within one year after such discharge is entered; or
     (2) under subsection (d)(2) or (d)(3) of this section before the later of —
          (A) one year after the granting of such discharge; and
          (B) the date the case is closed.

11 U.S.C. § 727(e).

4

Two conflicts between Rule 4004 and the Bankruptcy Code are described above.

The portions of Rule 4004 that subject the categorical discharge ineligibility of § 727(a)(8) to the inflexible claim-processing rules of Rules 4004(a) and (b) and that require entry of discharge if no timely objection is filed conflict with the substantive terms of the Bankruptcy Code.[22]

The Bankruptcy Rules Enabling Act provides that no Federal Rule of Bankruptcy Procedure may "abridge, enlarge, or modify any substantive right."  28 U.S.C. § 2075.[23]

A conflict between the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure must be resolved in favor of the statute.

---

[22]The analysis regarding the Code-Rule conflict in Rules 4004(a)-(c) regarding § 727(a)(8) also applies to § 727(a)(9). And, the Rule 4004(c) conflict also applies to § 1328(f).

[23]The Bankruptcy Rules Enabling Act supplements the Rules Enabling Act, 28 U.S.C. §§ 2071-77, and provides:

§ 2075. Bankruptcy rules
    The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motion, and the practice and procedure in cases under title 11.
    Such rules shall not abridge, enlarge, or modify any substantive right.
    The Supreme Court shall transmit to Congress not later than May 1 of the year in which a rule prescribed under this section is to become effective a copy of the proposed rule. The rule shall take effect no earlier than December 1 of the year in which it is transmitted to Congress unless otherwise provided by law.
    The bankruptcy rules promulgated under this section shall prescribe a form for the statement required under section 707(b)(2)(C) of title 11 and may provide general rules on the content of such statement.

28 U.S.C. § 2075.

1  28 U.S.C. § 2075; e.g., United States v. Towers (In re Pacific

2  Atlantic Trading Co.), 33 F.3d 1064, 1066 (9th Cir. 1994);

3  Cisneros, 994 F.2d at 1465; In re Asay, 364 B.R. at 426.

4      Two conclusions follow from a conflict between the

5  Bankruptcy Code and Rule 4004.[24]  First, Rule 4004(c) cannot be

6  construed to require entry of discharge for a debtor who is not

7  eligible for discharge by virtue of § 727(a)(8).  Am. Law Ctr. v.

8  Stanley (In re Jastrem), 253 F.3d 438, 441-42 (9th Cir. 2001).

9      Second, subjecting § 727(a)(8) discharge ineligibility to

10  the inflexible claim-processing requirements of Rule 4004(a)

11  offends the Bankruptcy Rules Enabling Act.  The legitimate ambit

12  of Rule 4004(a) is §§ 727(a)(2) through (a)(7).  Hence, Rule

13  4004(a) is invalid to the extent it includes § 727(a)(8) within

14  its ambit.

15

16                              5

17      The answer to the mystery of how in this case Filice

18  received a chapter 7 discharge in his 2010 case when he had

19  received a discharge in his 2009 case, is that the clerk of

20  court, acting on delegated authority, followed the literal terms

21  of Rule 4004(c).  As there had been no objection to discharge

22  under § 727(a)(8), discharge was entered.

23      That was a blunder in execution.  This court would not

24  knowingly have violated § 727(a)(8) by entering a discharge for

25  an ineligible debtor any more than it would have knowingly

26  violated § 727(a)(1) by entering a discharge for a debtor who is

27

28      [24]The same analysis applies to § 727(a)(9).

                              24

1  not an individual.

2       The mistaken discharge was not brought to the court's
3  attention when first identified because the U.S. trustee did not
4  understand the distinction between vacating a discharge under
5  Rule 60(a) and revoking a discharge under § 727(d).

6

7                              IV

8       The conventional judicial tool for the problem of the
9  erroneous discharge offending § 727(a)(8) is Rule 60(a).  That
10 rule authorizes bankruptcy courts to correct "a clerical mistake
11 or a mistake arising from oversight or omission whenever one is
12 found in a judgment, order, or other part of the record."  Fed.
13 R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024; cf. Day
14 v. McDonough, 547 U.S. 198, 210 (2006) ("if a judge does detect a
15 clear computational error [in time bar], no Rule, statute, or
16 constitutional provision commands the judge to suppress that
17 knowledge.  Cf. Fed. R. Bankr. P. 60(a).").

18      There are two categories of Rule 60(a) mistake.  There is
19 the "clerical mistake" and the "mistake arising from oversight or
20 omission."  Although distinct, the concepts overlap and commonly
21 are conflated in case law under the rubric "clerical mistake."

22      Rule 60(a) mistakes are "blunders in execution" that do not
23 constitute a court changing its mind about what it originally
24 intended to do.  Garamendi v. Henin, 683 F.3d 1069, 1077-81 (9th
25 Cir. 2012) (gathering cases); Harman v. Harper, 7 F.3d 1455, 1457
26 (9th Cir. 1993); Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2
27 (9th Cir. 1987).

28      Rule 60(a)'s rationale is that among the thousands of

                              25

1  judgments that federal trial courts enter annually there are

2  bound to be missteps between design and implementation.   There

3  are two ways to address the potential for missteps — either staff

4  the courts with resources sufficient to scrutinize every judgment

5  with extreme care to prevent missteps ex ante or enable easy ex

6  post correction of scriveners' errors.   Rule 60(a) reflects an

7  implicit choice that subsequent correction is preferable to

8  greater vigilance.   <u>United States v. Griffin</u>, 782 F.2d 1393,

9  1396-97 (7th Cir. 1986).

10         The sheer volume of routine ministerial orders in bankruptcy

11  cases, many of which are delegated to the clerk of court to sign

12  and enter, gives particular utility to Rule 60(a) in bankruptcy.

13         "Vacating" a discharge under Rule 60(a), as incorporated by

14  Rule 9024, does not conflict with "revoking" a discharge under

15  § 727(d).   The § 727(e) time limit on revoking a discharge for

16  the blameworthy reasons specified in § 727(d) is not infringed

17  when a court vacates a mistaken order of discharge.   <u>Disch v.</u>

18  <u>Rasmussen</u>, 417 F.3d 769, 778-79 (7th Cir. 2005) (Rule 60(b));

19  <u>Cisneros</u>, 994 F.2d at 1466 ("anomalous in this context to say

20  that the Debtors have a right to retain that which they had no

21  right to receive in the first place"); <u>Leisure Develop., Inc. v.</u>

22  <u>Burke (In re Burke)</u>, 95 B.R. 716, 718 n.1 (9th Cir. BAP 1989).

23         Rule 60(a) clerical mistakes may be corrected "whenever one

24  is found."   Fed. R. Civ. P. 60(a), <u>incorporated by</u> Fed. R. Bankr.

25  P. 9024; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

26  Practice & Procedure § 2855 (3d ed. 2012) ("Clerical mistakes and

27  errors of oversight or omission may be corrected at any time.").

28         Rule 60 is not constrained by the § 727(e) time limits that

26

relate to revocation of discharge.  <u>Cisneros</u>, 994 F.2d at 1466;
<u>accord</u>, <u>Disch</u>, 417 F.3d at 778-79.

     In this instance, "whenever one is found" in Rule 60(a)
means more than six years after the mistake occurred.

     Rule 60(a), by its terms and by case law, authorizes the
court to raise the question of mistake sua sponte.  Fed. R.
Bankr. P. 60(a); <u>Day</u>, 547 U.S. at 210; <u>Cisneros</u>, 994 at 1466 n.4.

     Here, this court raised the Rule 60(a) question in open
court based on the suggestion of invalidity in the pretrial
statement of the United States and afforded the debtor an
opportunity to respond.  The debtor's response did not justify
entry of the second discharge in violation of § 727(a)(8).


                                V

     An adequate, independent alternative theory of correction is
found in the statutory grant of power to the bankruptcy court.

     The court may issue any "order, process, or judgment that is
necessary or appropriate to carry out the provisions of this
title."  11 U.S.C. § 105(a).

     The relevant provision of title 11 to be carried out is the
categorical bar to a second chapter 7 discharge within eight
years embodied in § 727(a)(8).  When such a discharge has been
entered, "the provisions of title 11" have not been carried out.
Vacating the offending discharge carries out the provision of
title 11 embodied in § 727(a)(8).

     Unlike many invocations of § 105(a), this is not a
manifestation of a roving commission to do equity.  Rather, this
is giving effect to a precise provision of the Bankruptcy Code.

VI

Although this adversary proceeding regarding the secured status of the United States could be resolved by disregarding the spurious second discharge, there are a number of creditors in that 2010 case who were told by the court that their claims were discharged. They deserve accurate information informing them that the discharge is vacated.

The appropriate solution is to reopen the 2010 case pursuant to 11 U.S.C. § 350(b) and vacate the discharge pursuant to Rule 60(a). Notice of that action will go to all creditors, who may be able to act on their outstanding claims against the debtor.

Conclusion

Rule 4004(a)'s inflexible claim-processing rule cannot be applied to require entry of a chapter 7 discharge for which the debtor is ineligible under § 727(a)(8). Rules 4004(a) and (c)(1)(B) are invalid to that extent as offending the Bankruptcy Rules Enabling Act. Rule 60(a) permits vacating the mistaken entry of discharge in violation of § 727(a)(8) "whenever one is found" and is not subject to the § 727(e) time limit for revoking discharges under § 727(d). The court's § 105(a) power likewise authorizes vacating the discharge to give effect to § 727(a)(8).

An appropriate judgment in Adversary Proceeding No. 17-02036 and order vacating discharge in Case No. 10-47748 will issue.

Dated: January 18, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

28

1

## INSTRUCTIONS TO CLERK OF COURT
## SERVICE LIST

2

3       The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

4

5 Gerald William Filice
2443 Fair Oaks Blvd #125
Sacramento, CA 95825

6

7 Judith C Hotze
Office of the U.S. Trustee
Robert T Matsui United States Courthouse
8 501 I Street, Room 7-500
Sacramento, CA 95814

9

10 Boris Kukso
PO Box 683
Washington DC

11

12 Kimberly J Husted
11230 Gold Express Dr #310-411
Gold River CA 95670

13

14 Loris L Bakken
404 West Pine Street, Suite 14
Lodi CA 95240

15

16

17

18

19

20

21

22

23

24

25

26

27

28